# SPOKANE, PORTLAND & SEATTLE RAILWAY CO. *v.* STATE TAX COMMISSION

Mr. Edward L. Epstein, Portland, argued the cause and submitted a brief for plaintiff.

Mr. Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered June 13, 1966.

EDWARD H. HOWELL, Judge.

Plaintiff filed this suit to set aside defendant's order denying plaintiff's claim for a refund of corporate excise taxes.

The facts have been stipulated.

In 1937 plaintiff granted the United States a flowage easement to inundate portions of plaintiff's property bordering on the pool behind Bonneville Dam. Plaintiff was paid a total of $1,124,718 of which $750,000 was received in 1938 and $375,718 in 1939. The total sum was deposited to plaintiff's general funds in an account called the Bonneville Flowage Easement Account, and as amounts were spent for maintenance because of wave action of the water, they were debited to the account.

Plaintiff did not report any part of the amounts received as income on their federal returns in 1938 and 1939 and had a taxable loss for both years. The amount expended for maintenance was not deducted for federal tax purposes. During a federal audit in 1946 the examining agent took no exception to plaintiff's failure to include the amounts received as income for 1938 and 1939.

In 1957 the plaintiff cleared the balance remaining in the Bonneville Flowage Easement Account, $428,622, and credited it to surplus. This amount was reported in 1957 as income for federal tax purposes and for Oregon excise tax purposes.

Plaintiff contends that it was in error in reporting and paying Oregon excise tax on this sum and seeks a refund. Plaintiff argues also that the sum was not income in 1957 for federal tax purposes. In a federal audit of plaintiff's tax returns from 1953 through 1958 this question, together with other tax issues, was considered and a blanket compromise settlement of all the issues was accomplished resulting in the disputed amount being included in plaintiff's federal income for 1957.

In support of the claim for refund of the Oregon excise tax the plaintiff argues that the disputed amount was includible in income when received in 1938 and 1939 and that it was in error in reporting such income and paying the Oregon corporate excise tax thereon in 1957.

In 1957 plaintiff was governed by ORS 317.074, which provides that Oregon excise income shall be determined "in accordance with the Corporation Income Tax Laws of the United States in effect on April 20, 1955."

The applicable commission Reg 7.074(2) pertaining to this statute stated:

"* * * Thus, the income and deductions are to be taken generally from the federal return to the extent such income and deductions are based upon the federal law in effect on April 20, 1955. If the income and deductions differ from those prescribed by the federal law in effect on April 20, 1955, adjustments must be made to conform the net income

to what it would have been had it been based on such federal law. * * *"

ORS 317.074 was enacted by Or L 1955, ch 592, and by its enactment the plaintiff, together with other corporations mentioned in ORS 317.074(1), was subjected to Oregon excise tax for the first time. The parties have stipulated that plaintiff was not subject to Oregon excise taxes in 1938 or 1939 or in any other year until 1955.

██ While the defendant's regulation provides that generally the plaintiff's income and deductions for Oregon excise tax are based on its federal return, it also provides that such income and deductions must be based on the federal law if there is a difference between the applicable federal law and plaintiff's reported income and deductions.

The primary question is whether the amount involved was income under the federal law in 1957 or in 1938 and 1939 when it was received. The defendant commission, in its opinion and order denying the refund, did not do so on the basis of its regulation—that the applicable federal law required the plaintiff to report and pay the disputed amount in 1957. Instead, the commission took the position that as the Internal Revenue Service decided the amount was taxable in 1957, therefore it was also income taxable under the Oregon law. The opinion and order of the commission stated:

"The Commission is satisfied that a reasonable conclusion is made if the income is returned for Oregon excise tax purposes in the year 1957. This conclusion is primarily based on the fact that this was the decision made by the Internal Revenue Service. The company contends a compromise was reached with the Internal Revenue Service. Assuming this was so, the conclusion yet persists that the

Internal Revenue Service, interpreting the federal corporation tax laws, decided that the income is taxable in 1957. Certainly the matter is not entirely a clear one, but the Commission believes that it is proper to accept the Internal Revenue Service's interpretation of its laws."

■ This court cannot conclude from the stipulation that the Internal Revenue Service made a decision that the amount was required to be reported as income in 1957. Rather it appears that the disputed amount was paid in 1957 as a result of the compromise covering all of plaintiff's tax issues from 1953 to 1958. Even if the Collector of Internal Revenue did make such a decision it would not be binding on either the plaintiff or the defendant commission if it did not conform to the applicable federal law.

The disputed amount was paid to the State of Oregon in 1957. The state's claim to it must be based on ORS 317.074 which in turn is based upon plaintiff's liability under the "Corporation Income Tax Laws of the United States in effect on April 20, 1955." The defendant commission, neither in its opinion and order denying the refund nor in its brief in this court, has cited a single statute or case showing that the amount was taxable in 1957 under the federal law.

■ Section 451 of the Internal Revenue Code of 1954 provides generally that any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer unless under the method of accounting used the amount should be reported in a different period.①

---

① Reg. 1.451-1 for this statute states:
   "General rule for taxable year of inclusion—(a) *General rule*. Gains, profits, and income are to be included in gross income for the taxable year in which they are actually or constructively received by the taxpayer unless includible for

In *Schlude v. Commissioner*, 372 US 128, 83 S Ct 601, 9 L ed2d 633 (1963), a dance studio received cash in advance and promissory notes for dancing lessons to be given over a period of time. The taxpayer reported the payments, not in the year they were received, but in the year the lessons were taught. The Supreme Court held that as to the cash and contracts due and payable during the year they were taxable that year although the lessons had not been given. See also *American Automobile Asso. v. United States*, 367 US 687, 81 S Ct 1727, 6 L ed2d 1109 (1961).

■ Both of these cases hold in effect that deferral of prepaid income will not be permitted unless allowed by specific statutory authority.

In the instant case it would appear that the sum paid plaintiff by the government in 1938 and 1939 did not even amount to deferral of prepaid income. Plaintiff sold the federal government a flowage easement to inundate portions of its land along the Columbia River and no further action was required by plaintiff to earn the money.

---

a different year in accordance with the taxpayer's method of accounting. Under an accrual method of accounting, income is includible in gross income when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy. * * *"

Section 446 of the 1954 Code states in part:

"(a) General Rule.—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

"(b) Exceptions.—If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.

"* * * * *"

Sections 451 and 446 of the Internal Revenue Code for 1954 are substantially the same as their predecessors, Sections 42 and 41 of the 1939 Code.

It is concluded that the disputed amount was not subject to Oregon excise tax in 1957 but instead was income in 1938 and 1939 before the Oregon excise statutes came into existence.

■ The law is well settled that if income is properly accruable in one year it cannot be deemed income in a subsequent year even if it was not reported in the proper year. *Policy Holders Agency, Inc. v. Commissioner,* 41 TC 44 (1963) ; *Cooper-Brannan Naval Stores Co. v. Commissioner,* 9 BTA 105 (1927) ; *Streckfus Steamers Inc. v. Commissioner,* 19 TC 1 (1952).

■ In *Bank of Commerce v. Commissioner,* 10 BTA 73 (1928), the court aptly stated the rule which should be applied in this case:

"The effect of respondent's action is to tax as income for 1920 rents and profits received in prior years. This he can not do. Income is taxable in the year in which received or accrued, as the case may be, and is not subject to tax in another year. [Citations omitted] * * *" 10 BTA at 76.

As the disputed amount was income to the plaintiff in 1938 and 1939 it cannot be considered income in 1957 and plaintiff is entitled to the refund.

Costs to neither party.